IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PEDRO ANTONIO GONZALEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-949-F |
| STEPHENS COUNTY D.A. OFFICE, et al., | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Court has conducted an initial review of the Complaint [Doc. No. 1] and recommends dismissal without prejudice under the *Younger* abstention doctrine.[1]

**I.    Factual Background / Plaintiff's Claims**

Plaintiff is a pretrial detainee currently incarcerated at the Stephens County jail in Stephens County, Oklahoma. *See* Compl. at pp. 3, 4. Plaintiff brings a single claim for relief. He alleges "my bond amount (250,000) does not match my crime and shouldnt [sic] be a means of punishment." *Id*. at p. 6. He names as defendants the Stephens County District Attorney's Office

---

[1] "*Younger* abstention is jurisdictional." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). "[A]court may raise the issue of abstention sua sponte." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) (citations omitted); *see also Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009) (recognizing that both Supreme Court and Tenth Circuit precedent "have acknowledged the authority of a federal court to address application of the *Younger* doctrine *sua sponte*").

and Stephens County Court Judge Jerry Herberger. *Id*. As relief he asks to "receive a lower bond or a more fair bond amount set." *Id*. at p. 7.

## II. Analysis

### A. Abstention is Required under the *Younger* Doctrine

This Court should abstain from exercising jurisdiction over Plaintiff's claim under the *Younger* doctrine.[2] The *Younger* doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Three factors warrant this conclusion. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (setting forth factors court should consider when applying the *Younger* doctrine). First, Plaintiff's status as a pretrial detainee demonstrates that his state court criminal proceedings are ongoing.[3] Second, the Oklahoma courts provide an adequate forum to hear Plaintiff's claim. *See, e.g., Tucker v. Reeve*, No. CIV-14-971-R, 2014 WL 11352784 at *1 (W.D. Okla. Oct. 2, 2014) (unpublished op.) (Oklahoma pretrial detainee's allegation of excessive bail could be challenged through "a petition for habeas corpus in state court seeking a reduction of bail") (citation omitted). And third, Oklahoma has an important state interest in resolution of the claim raised by Plaintiff. *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism).

---

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

[3] In addition to the allegations of the Complaint establishing Plaintiff is currently a pretrial detainee, the Court takes judicial notice of the docket in Plaintiff's state court criminal proceedings, *State v. Gonzalez*, Case No. CF-16-371, District Court of Stephens County, State of Oklahoma. Plaintiff made an initial appearance on July 17, 2017, at which time his bond was set in the amount of $250,000.00. Plaintiff's preliminary hearing is set for October 20, 2017.

Moreover, Plaintiff's Complaint is void of any allegations of bad faith or irreparable injury sufficient to demonstrate grounds for finding that an exception to the *Younger* doctrine exists. *See Younger*, 401 U.S. at 46-55 (exceptions exist for " bad faith or harassment," prosecution under a statute "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury). Plaintiff alleges only that: "of the 13 people arrested" as the result of a "drug sweep" his bond was the highest. *See* Compl. at p. 7. This allegation fails to demonstrate any bad faith or harassment. Standing alone, it is insufficient. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) ("[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment.") (citation omitted). Under these circumstances, *Younger* abstention is "non-discretionary" and "[this] court is required to abstain." *Chapman*, 472 F.3d at 749 (citation omitted).[4]

**B.     Section 1983 Relief is not Available Against the Named Defendants**

Alternatively, Plaintiff's § 1983 claims should be dismissed pursuant to 28 U.S.C. § 1915A(b). The Stephens County District Attorney's Office is not a suable entity under § 1983. *See, e.g., Zapata v. Public Defenders Office*, 252 F. App'x 237, 240 (10th Cir. 2007) (upholding

---

[4] To the extent Plaintiff may be requesting habeas corpus relief, the *Younger* doctrine would require dismissal for the same reasons set forth above. *See, e.g., Tucker v. Reeve*, 601 F. App'x 760, (10th Cir. 2015) (applying *Younger* to pretrial detainee's § 2241 petition claiming state officials set an excessive bond); *Arter v. Gentry*, 201 F. App'x 653 (10th Cir. 2006) (construing pretrial detainee's claim of excessive bail as a claim under § 2241 and dismissing claim pursuant to the *Younger* doctrine). Similarly, the requirement that a petitioner seeking habeas corpus relief must first exhaust state court remedies would further require dismissal. *See id*. (finding failure to exhaust state court remedies further required dismissal of excessive bail claim brought under § 2241); *see also Albright v. Raemisch*, 601 F. App'x 656, 659-660 (10th Cir. 2015) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

dismissal with prejudice of plaintiff's claim against the New Mexico Public Defender's Office on grounds that it was not a "person" amenable to suit under § 1983); *Martin v. Box*, No. CIV-09-192-HE, 2009 WL 1605657 at *5 (W.D. Okla. June 5, 2009) (unpublished op.) (Oklahoma District Attorney's Office is not a separate suable legal entity and does not qualify as a person subject to § 1983 liability). Moreover, Defendant Judge Herberger is entitled to absolute judicial immunity for any acts taken by him in relation to setting the amount of Plaintiff's bond. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (a judge is entitled to absolute judicial immunity for actions taken within his or her judicial capacity); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (accord). Dismissal of Plaintiff's claims against the defendants on the alternative bases set forth, therefore, is warranted.

## RECOMMENDATION

It is recommended that the Court abstain from the exercise of its jurisdiction and that Plaintiff's action be dismissed pursuant to the *Younger* doctrine. Alternatively, Plaintiff's claims should be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and (2) on grounds the Complaint fails to state a claim upon which § 1983 relief may be granted and seeks monetary relief from a defendant immune from such relief. Finally, it recommended that if this Report and Recommendation is adopted, Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 3] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 4, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report

and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 13th day of September, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE